**[J-86A-C-2020][M.O. – Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| TANYA J. MCCLOSKEY, ACTING CONSUMER ADVOCATE | : | No. 24 MAP 2020 |
| | : | |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 697 CD |
| | : | 2019 dated 7/11/19, reconsideration |
| | : | denied 9/4/19, reversing the order of the |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION | : | PUC at Nos. P-2015-2508942, P-2015-2508948, P-2015-2508936, P-2015-2508931 dated 4/19/18 and remanding |
| | : | |
| | : | |
| APPEAL OF:  METROPOLITAN EDISON COMPANY, PENNSYLVANIA ELECTRIC COMPANY, PENNSYLVANIA POWER COMPANY, WEST PENN POWER COMPANY | : | |
| | : | |
| | : | ARGUED:  October 21, 2020 |
| | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| TANYA J. MCCLOSKEY, ACTING CONSUMER ADVOCATE, | : | No. 25 MAP 2020 |
| | : | |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 697 CD |
| | : | 2018 dated 7/11/19, reconsideration |
| v. | : | denied 9/4/19, reversing the order of the |
| | : | PUC at Nos. P-2015-2508942, P-2015-2508948, P-2015-2508936, P-2015-2508931 dated 4/19/18 and remanding |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| | : | |
| Appellant | : | ARGUED:  October 21, 2020 |

| | | |
|---|---|---|
| TANYA J. MCCLOSKEY, ACTING CONSUMER ADVOCATE, | : | No. 26 MAP 2020 |
| | : | |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1183 CD |
| | : | 2018 dated 7/11/19, reconsideration |
| | : | denied 9/4/19, reversing the order of the |
| v. | : | PUC at Nos. R-2017-2624240 & C- |
| | : | 2017-2626954 dated 7/27/18 and |
| | : | remanding |
| PENNSYLVANIA PUBLIC UTILITY COMMISSION, | : | |
| | : | |
| | : | |
| Appellant | : | ARGUED:  October 21, 2020 |

## *DISSENTING OPINION*

**JUSTICE SAYLOR**                                    **DECIDED:  July 21, 2021**

In this complex administrative litigation centered on utility ratemaking, I find the governing statutes to be sufficiently ambiguous to warrant recourse to the tools of statutory construction.  In my view, the precept that the specific controls over the general, the contextual considerations, the legislative history, the historical development of distribution system improvement charges and associated calculations, and the deference affordable to the agency charged with administration of the statutory regime all militate in favor the Public Utility Commission's longstanding position that utilities need not account for accumulated deferred income taxes and state income tax deductions in the central calculation of these specialized rate adjustments.  Along these lines, I also agree with the contention of the Commission, the utilities and their *amici* that distribution system improvement charges were intended by the General Assembly to serve as a simplified mechanism designed to accelerate investments in infrastructure in lieu of base rate proceedings, and that the existing statutory protections against

utilities' overearning returns on investments and/or excessive distribution system improvement charges are sufficient and further manifest the legislative intent to maintain the historical approach to the calculation of these charges.

Justice Mundy joins this dissenting opinion.